No. 85-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

RONALD LEAVENS,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        E. June Lord, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Patricia J. Schaeffer, Asst. Atty. General, Helena
        Patrick L. Paul, County Attorney, Great Falls,
        Montana

_____

Submitted on Briefs: May 15, 1986

Decided: August 8, 1986

Filed: AUG 8 - 1986

_Ethel M. Harrison_
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

The defendant appeals his conviction for felony burglary, misdemeanor attempted theft, and misdemeanor criminal mischief, in the Cascade County District Court. His only claim on appeal is that he was denied effective assistance of counsel. We affirm the conviction.

On July 14, 1984, at about 5 a.m., a police officer on patrol heard glass breaking. As he drove toward the sound, the defendant and his companion, Lyle Gardipee, saw the officer and ran. The officer saw that the window at Bernadette's Restaurant was broken and pursued, caught and arrested the two men for breaking the window. At the time of his arrest, the defendant's clothing was dirty, his hair was covered with gray colored dust and he had a recent cut on his arm. Gardipee also had a gash and some dust on his clothes. These charges were later dismissed.

About one half hour later, another officer was called to Wood World, a furniture store, to investigate a burglary. Wood World is about one half block from where the first officer encountered the defendant and Gardipee. To enter the business, the offender(s) had broken through a walled-over window that had wire running through it and kicked through the sheetrock covering the window. The store was cluttered with chairs knocked over, there was blood on a desk chair and on a desk, and an oak file cabinet had been moved from the front to the back of the store. The offender(s) left the building by going through the window of the rear garage door.

The person who reported the burglary heard glass breaking at about 2:30 that morning. He did not call the police until 5:30 a.m., when he saw the windows had been

2

knocked out of the rear garage door at Wood World and saw a brass duck and a ceramic boot lying in the alley.

The officers arrested the defendant and Gardipee, who were still in custody, for this break-in based on their recent cuts, the dust on their clothing which looked like dust from sheetrock, their location near the scene of the crime, and the unusual treadmarks on defendant's shoes which matched footprints left outside the entry point and on the window ledge at Wood World. At trial, held December 3 and 4, 1984, an expert testified that the broken sheetrock from the store had a unique composition containing crushed red brick particles. Sheetrock dust recovered from the defendant's clothing and shoes contained these red brick particles. Another expert testified that the paint fragments attached to the sheetrock were of a unique color mixture and that the paint particles from defendant's clothing were of the same color, texture, and composition as the paint on the store wall at the point of the break-in. Both experts agreed that the defendant's clothing would contain that amount of debris only by coming into contact with sheetrock as it was being broken. The jury returned a verdict of guilty on all three counts charged.

On appeal, the defendant claims he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and by Art. II, Section 24, of the 1972 Montana Constitution. This Court recently adopted a two-prong test for analyzing a claim of ineffective assistance of counsel. State v. Robbins (Mont. 1985), 708 P.2d 227, 232, 42 St.Rep. 1440, 1444, citing Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

3

> First, the defendant must show that counsel's performance was deficient. This Court has used the "reasonably effective assistance" test of whether a defendant's counsel acted within the range of competence demanded of attorneys in criminal cases. State v. Rose (1980), 187 Mont. 74, 86, 608 P.2d 1074, 1081. Second, the defendant must show that the deficient performance prejudiced him so seriously as to deprive him of a fair trial.

State v. Elliott (Mont. 1986), 717 P.2d 572, 575, 43 St.Rep. 723, 726. The standard for prejudice is "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

> It will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the "identified acts or omissions" overcome the presumption that a counsel rendered reasonable professional assistance. Since "[t]here are countless ways to provide effective assistance in any given case," . . . unless consideration is given to counsel's overall performance, before and at trial, it will be "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." . . . (citations omitted.)

Kimmelman v. Morrison, No. 84-1661, slip op. at 19 (Supreme Court of the United States, June 26, 1986), citing Strickland, supra.

The defendant contends that counsel's performance was deficient in failing to call an alibi witness, failing to investigate the defendant's explanation of damaging evidence, failing to counter expert testimony, and failing to make a motion to suppress the clothing seized incident to an arrest he claims was unlawful. The defendant's allegations on appeal concerning an alibi witness and how he got sheetrock dust on his clothing are not supported in the record. We

4

will not consider these on appeal. Elliott, 717 P.2d at 575, 43 St.Rep. at 722. In addition, a decision on whether to call a witness "is a matter of trial tactics, which are normally not grounds for a determination that counsel's performance was deficient." Elliott, supra.

The defendant also alleges that counsel failed to investigate the uniqueness of his shoes and failed to counter expert testimony on the sheetrock. Whether a decision to not investigate such evidence is reasonable professional judgment must be assessed under the particular circumstances. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Here, counsel emphasized to the jury the officers' failure to measure the prints and compare them to the size of defendant's shoes. He explained the sheetrock particles on defendant's clothes when he suggested they transferred from Gardipee to defendant during a fight and shifted responsibility for the break-in to Gardipee. There was little he could have done to attack the matching of paint and sheetrock characteristics from Wood World to his clothing. Under such circumstances, a decision to not attempt a counter of this testimony was not unreasonable.

The defendant's final allegation is that his counsel failed to move to suppress his clothing after it was seized pursuant to the first, unlawful arrest. We do not agree that the arrest was unlawful. Section 46-6-401(1)(d), MCA, states that an officer may arrest a person without a warrant when "he believes on reasonable grounds that the person is committing an offense or that the person has committed an offense and the existing circumstances require his immediate arrest." The officer properly arrested the defendant and his companion without a warrant under this statute when he heard

5

the glass breaking, saw them near the scene, and they fled after noticing the officer. State v. DiGiallonardo (1972), 160 Mont. 379, 503 P.2d 43. Since the defendant's clothing was seized incident to a lawful arrest, the seizure was proper under § 46-5-101(1), MCA, and was admissible as evidence. Section 46-5-104, MCA, and State v. Armstrong (Mont. 1980), 616 P.2d 341, 349, 37 St.Rep. 1563, 1570. Any motion to suppress this evidence would have been futile. The defense counsel's failure to so move does not indicate a deficient performance.

We hold that defendant has failed to carry the burden of showing his counsel's performance was deficient or outside the range of competence demanded of attorneys in criminal cases and has failed to show prejudice resulting from the alleged deficient performance.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices