No. 90-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE PETITION OF
KORI LANE LAKE.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Mineral,
               The Honorable Ed P. McLean, Judge presiding.

FILED

APR 21 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

COUNSEL OF RECORD:

        For Appellant:

               Kori Lane Lake, Pro Se
               Deer Lodge, Montana

        For Respondent:

               Hon. Marc Racicot, Attorney General, Helena, Montana
               Jennifer Anders, Assistant
               M. Shaun Donovan, Mineral County Attorney, Superior,
               Montana

                         Submitted on Briefs:   March 19, 1992

                                    Decided:   April 21, 1992

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the District Court.

After an evidentiary hearing, the District Court for the Fourth Judicial District, Mineral County, denied defendant's (Kori Lane Lake) petition for post-conviction relief. We affirm.

The sole issue for our review is whether the District Court erred in determining that defendant's plea of guilty was voluntary and not the result of attorney incompetence.

Defendant was charged by information with one count of attempted deliberate homicide and one count of robbery, arising from an incident which took place on July 29, 1989. On that date, defendant stabbed Joseph Shippentower in the throat, inflicting a laceration several inches long. After the stabbing incident, defendant took the victim's car and its contents, later abandoning them in a remote area away from the scene of the incident. Margaret Borg of the Missoula County Public Defender's Office was appointed to represent defendant.

In the course of the hearing following the filing of his post-conviction petition, defendant testified that he had admitted to Ms. Borg that he was responsible for the stab wound. However, he maintained that it was an "accident" and that he had been acting in self-defense against unwanted sexual advances by Mr. Shippentower. In addition the defendant admitted to the taking of the Shippentower car and its contents and to the later abandonment.

In his statements to the police, Mr. Shippentower denied having made any sexual advances towards the defendant, and claimed that he was asleep when the attack took place. Because of the

2

striking differences between the defendant's version of the incident and Mr. Shippentower's version, Ms. Borg testified that the case essentially boiled down to a credibility match between Mr. Shippentower and the defendant.

Ms. Borg testified that as the date for trial approached, she began to question the defendant's ability to assist in his own defense. She testified that his attitude had become extremely hostile; that he had attempted suicide; and that he had burned off his hair in order to frustrate the State's attempt to obtain a hair sample. Defendant was transferred to Warm Springs where he underwent a psychological evaluation. Ms. Borg testified that the evaluation did not raise a question as to his fitness to proceed, nor did it demonstrate mental disease or defect.

Ms. Borg discussed alternatives to a trial with defendant. She testified that she recommended that defendant accept the plea bargain which offered a reduction in the charges to one count of aggravated assault and one count of theft. She testified that in her opinion there was a chance that defendant could have been convicted on the attempted deliberate homicide charge if it went to trial. At a minimum, she felt that defendant would have been convicted of aggravated assault, the crime to which he ultimately pled guilty.

Eventually defendant signed a waiver of rights agreement and entered his pleas of guilty to one count of aggravated assault and one count of theft. By signing the agreement, the defendant specifically acknowledged that he was satisfied with the services

3

of his attorney; had sufficient time to consult with his attorney; his attorney had done everything he asked her to do; and that he discussed the merits of his case with her, noting specifically that he did not have available to him the affirmative defense of justifiable use of force or mental disease or defect.

Subsequently, defendant was sentenced to fifteen years in the Montana State Prison with five years suspended for aggravated assault, and ten years for felony theft, the sentences to run concurrently. He was also designated a dangerous offender for parole eligibility purposes. Defendant now appeals from the District Court's denial of post-conviction relief.

Did the District Court err in determining that defendant's plea of guilty was voluntary and not the result of attorney incompetence?

A petition for post-conviction relief is civil in nature rather than criminal. The standard for review is set forth in Rule 52(a), M.R.Civ.P., which provides that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Defendant maintains he was denied effective assistance of counsel because Ms. Borg recommended he plead guilty to the lesser offense of aggravated assault, which he maintains denied him the opportunity to assert a defense of justifiable use of force at trial on the original charges. He further maintains Ms. Borg informed him that he was not entitled to the defense of justifiable

4

use of force because he did not intend to kill Mr. Shippentower. The State maintains that defendant was not deprived of his Sixth Amendment right to counsel nor was his plea involuntary because of the acts or omissions of counsel or any other person.

In evaluating ineffective assistance of counsel claims, this Court employs a two-part test from Strickland v. Washington (1984), 466 U.S. 668, which requires the Court to evaluate whether counsel's performance was deficient and whether the deficient performance prejudiced the defense. When evaluating counsel's performance with respect to a guilty plea, the defendant must show that but for counsel's deficient performance, he would not have pled guilty and would have insisted upon going to trial. State v. Langford (1991), 248 Mont. 420, 432, 813 P.2d 936, 947.

Section 45-3-102, MCA, provides that a person is justified in the use of force against another person when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force; and <u>only if he reasonably believes that such force is necessary to prevent imminent death or serious bodily harm to himself or another</u>. Ms. Borg testified that she advised defendant that the defense of justifiable use of force probably would not work in his case. She further testified that "I don't believe that the amount of force used in this case was appropriate under the circumstances of the case as I understand it, and I discussed that at length with Kori".

Defendant maintains that he was defending himself from Mr.

5

Shippentower's unwanted sexual advances. However, the evidence does not show the defendant had reason to believe Mr. Shippentower's alleged advances placed defendant in danger of either imminent death or serious bodily injury.

The record is void of any evidence that Ms. Borg's performance was deficient or that her performance prejudiced the defense. The District Court stated:

> After informed professional deliberation, review of all information in her possession and consultation with her investigator and other office staff members, former defense counsel, Margaret Borg concluded that if the case went to trial the complaining witness Shippentower, although "shaky", would likely be believed by a jury with respect to the essential elements of the crimes charged and that, at a minimum, her client, Mr. Lake would be convicted of the lesser included offenses of Aggravated Assault and Theft, both felonies. Defense counsel further concluded that because of the excessive force used by Mr. Lake, self defense would not be a successful defense; that there was no evidence to support Mr. Lake's claim that the complaining witness had made homosexual advances towards him triggering the incident and, finally, after consultations with Missoula Psychologist Dr. Robert Shea, that the Defendant was not suffering from any mental disease or defect which would either provide a defense or impair his competency. At the same time Ms. Borg, and her investigator Mr. Locke, had grave concerns over Mr. Lake's ability to control himself at trial, particularly with respect to showing aggressiveness and hostility and concluded there was a significant risk that a jury would convict him of both Attempted Deliberate Homicide and Robbery leading to potential maximum punishment under applicable statutes in excess of 100 years.

Defendant has failed to prove that but for Ms. Borg's allegedly deficient performance, he would not have pled guilty and would have insisted upon going to trial. State v. Leavens (1986), 222 Mont. 473, 475, 723 P.2d 236, 237; State v. Langford (1991), 248 Mont. 420, 432, 813 P.2d 936, 947.

Defendant admitted that he stabbed Mr. Shippentower, although he maintained it was in self-defense. However, he was aware that Mr. Shippentower denied making any sexual advances; that Mr. Shippentower was prepared to have his girlfriend testify as to his heterosexual preferences; and, that he had trouble controlling his temper and that fact would be visible to a jury. The record reveals that the defendant voluntarily signed the plea agreement with a full understanding of the relevant facts and legal issues.

Based upon our review of the record, we conclude that the findings and conclusions of the District Court are not clearly erroneous. We therefore affirm the holding of the District Court that the defendant's plea of guilty was voluntary and not the result of attorney incompetence.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7