No. 01-742

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 75N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

TONY LEE MONTOYA,

Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and for the County of Hill, Cause No. DC-97-052,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kristina Guest, Assistant Appellate Defender, Helena, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

David Rice, Hill County Attorney, Havre, Montana

Submitted on Briefs:  November 26, 2002

Decided:  April 10, 2003

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Tony Lee Montoya was convicted of felony burglary in the District Court for the Twelfth Judicial District in Hill County. Montoya was sentenced to four years in prison for the burglary conviction and a concurrent five-year sentence for being a persistent felony offender. Montoya filed a petition for post-conviction relief, contending that his counsel was ineffective. The District Court denied Montoya's motion, and Montoya appeals. We affirm the judgment of the District Court.

¶3     The issue on appeal is whether Montoya's counsel provided effective assistance of counsel during Montoya's sentencing hearing.

FACTUAL AND PROCEDURAL BACKGROUND

¶4     On or about March 23, 1997, Montoya, Jim Booker, and Jamie St. Dennis, were traveling together in separate vehicles when St. Dennis drove by and spotted an apparently abandoned farmhouse. She pulled over, returned to the farmhouse, and Montoya followed. At the farmhouse property, the three walked around the property and entered the farmhouse and nearby storage structures. They then packed personal property from the farmhouse and nearby structures into boxes, and moved the boxes for later transport from the property. In

2

addition, all three carried some of the boxes to St. Dennis' vehicle, and Montoya placed at least one item in his own truck.

¶5     While the three were at the farmhouse, Donny Boyce, a local resident, drove by the farmhouse property, noticed the two parked vehicles and became suspicious. Boyce called the property owner, Anthony Reum, and reported the vehicles. Reum and his two adult sons drove over to the property where they saw the vehicles and recorded their license plates. After seeing the Reums, Montoya and Booker walked towards Montoya's vehicle, spoke with the Reums briefly, and promptly left without incident. Shortly thereafter, the Reums witnessed St. Dennis return to her vehicle from another area of the Reum property and leave without conversation or incident. After the three had gone, the Reums checked the farmhouse and storage structures and discovered that personal property was missing and that their remaining personal property had been disturbed. The Reums contacted the police and reported the license plate numbers they had recorded. Montoya was later arrested.

¶6     On May 29, 1997, the State charged Montoya with one count of felony burglary and one count of attempted felony theft. On February 27, 1998, the charge of attempted felony theft was amended to a charge of misdemeanor theft. The State also filed notice of its intention to classify Montoya as a "persistent felony offender," as provided in §§ 46-18-501 to -502, MCA, based on his prior 1984 conviction of felony burglary, for which Montoya was still on probation.

¶7     Prior to trial, Montoya accepted the State's offer of limited immunity for his testimony against Jamie St. Dennis. The agreement provided that "[t]he State will not use these

3

statements against Anthony Lee Montoya in any prosecution for criminal charges." Montoya

testified at St. Dennis' trial. At his own trial, Montoya did not testify, and on August 27,

1998, a jury convicted him of the burglary charge and acquitted him of the theft charge.

¶8    After the verdict, the District Court held a sentencing hearing to determine Montoya's

sentence for the burglary conviction and to consider whether Montoya was a persistent

felony offender. During the hearing, the State presented his prior conviction to support a

finding that Montoya was a persistent felony offender. The State also discussed evidence

from Montoya's trial and his prior testimony in the St. Dennis trial to demonstrate that

Montoya did not qualify for an exception to the persistent felony offender classification

provided by § 46-18-222, MCA. The State argued:

> Additionally, 46-18-222 does not apply. That only applies if an accomplice
> has a role that is only minor in the crime. The defendant's role was not minor.
> He drove his own vehicle out to the Reum's ranch. He packed up different
> items, he moved boxes out, and that's evident from the physical evidence that
> was presented at trial as well as all of the testimony, *including the defendant's
> own testimony during the St. Dennis trial*; and it's clear that based on that, that
> they were all equally responsible for their own actions. [Emphasis added.]

Montoya's counsel did not object to the State's presentation of Montoya's testimony in the

St. Dennis trial, despite the prior immunity agreement. When the State had finished its

argument, Montoya's counsel presented Montoya's testimony to buttress a finding that

Montoya did qualify for the exception provided by § 46-18-222(4), MCA:

> With regard to 46-18-222, sub 4, there are three elements that Tony has got to
> show to this Court adequately; the first is that he was an accomplice. Clearly
> two other people were convicted, so I think that he meets that threshold. Next
> is the conduct constituting the offense was principally the conduct of another.

4

> Basically, *from what one can glean from Tony's testimony* was that this conduct was principally the conduct of another. Insofar as Jamie St. Dennis is concerned, *Tony acted at the behest of Jamie St. Dennis and that's what his testimony indicates.*
>
> Third, the defendant's participation was relatively minor. It doesn't say the defendant's participation was minor; it says that the defendant's participation was relatively minor. Here Jamie St. Dennis was found with the goods. Tony and Booker were found at the property but with no goods, not leaving with any goods. There were no goods in the vehicle, and in fact Tony was acquitted of the theft count . . . . [Emphasis added.]

¶9 After the parties presented their evidence and argument, the District Court concluded that Montoya was a persistent felony offender and did not qualify for an exception to that classification as provided in § 46-18-222(4), MCA. The District Court stated:

> Under the circumstances, I would find under subsection 4 of section 222 that you are an accomplice, but I cannot find that this was principally the conduct of another. While Ms. St. Dennis might be found to be probably the instigator of this incident and perhaps she went out and opened the place earlier and even scattered things around, I don't know exactly because I wasn't there, you decided with Mr. Booker and Ms. St. Dennis to go out there and to take this stuff. You did package it up, whether with Ms. St. Dennis or with Mr. Booker or together or whatever and you moved it out into the garage, in preparation so that you could back up to the garage and get it and you were actually removing the stuff. It was thought out to some degree. This was not principally the conduct of another, and I cannot find under the statute that this was relatively minor conduct.
>
> You were out there participating, as well as the rest of them, in the burglary and going in there taking the stuff. You participated as much as the others. Again, it may have been at the instigation of Ms. St. Dennis who kind of found the opportunity to commit the crime is apparently what it is, but your participation was not relatively minor; therefore, I further find that the exceptions under Section 46-18-222 do not apply.

¶10 The District Court entered its judgment on November 3, 1998, and concluded that Montoya was a persistent felony offender. The District Court stated:

> Defendant was an accomplice. However, his participation was not minor and the offense was not principally the conduct of another. Defendant participated

5

in this Burglary which from all the evidence was planned. *Defendant's own testimony* indicates that he participated in packing items and moving them to the garage for easy loading into his and his co-defendant's vehicles. [Emphasis added.]

The District Court sentenced Montoya to four years in prison for the burglary conviction and a concurrent five-year sentence for being a persistent felony offender.

¶11　Montoya appealed the District Court's determination that he was a persistent felony offender, and we affirmed the District Court's judgment and sentence in *State v. Montoya*, 1999 MT 180, 295 Mont. 288, 983 P.2d 937.

¶12　Montoya then filed this petition for post-conviction relief, in which he contended that his counsel provided ineffective assistance by failing to object to the State's introduction of his testimony in the St. Dennis trial during the sentencing hearing. The District Court denied Montoya's petition.

## STANDARD OF REVIEW

¶13　This Court reviews a district court's denial of post-conviction relief to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Soraich v. State*, 2002 MT 187, ¶ 13, 311 Mont. 90, ¶ 13, 53 P.3d 878, ¶ 13; *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, ¶ 47, 12 P.3d 934, ¶ 47. We review a district court's decision to hold or not hold an evidentiary hearing for an abuse of discretion. *Soraich*, ¶ 13.

¶14　Where claims of ineffective assistance of counsel are raised in a request for post-conviction relief we review a district court's decision *de novo,* as it raises mixed questions

6

of law and fact. *Soraich*, ¶ 13; *Turner*, ¶ 47; *Strickland v. Washington* (1984), 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674.

DISCUSSION

¶15    Did Montoya's counsel provide effective assistance of counsel during Montoya's sentencing hearing?

¶16    The District Court concluded that Montoya's counsel was effective. It stated that the trial record provided ample evidence to show that Montoya's participation in the crime was not "minor," concluded that Montoya's own testimony was not particularly inculpatory and that it was probably "his best argument" to show that his participation was "minor." The District Court added that Montoya's counsel was "highly effective" by getting the trial court to apply the sentences concurrently, rather than consecutively. Lastly, the District Court concluded that reference to Montoya's testimony in the written judgment was a "minor point" and was not "fatal to the sentence," and found no grounds for post-conviction relief.

¶17    Montoya contends that the record reveals that his participation in the crime was minor and that his counsel's failure to object to the State's presentation of his testimony from the St. Dennis trial prejudiced him and contributed to his sentence as a persistent felony offender. Montoya additionally contends that the record provides no justifiable explanation for his counsel's failure to object to the State's reference to his testimony in the St. Dennis trial despite his immunity agreement. Montoya contends that, at least, his claims should be remanded to the District Court for an evidentiary hearing to determine why his counsel failed to object to the State's use of his testimony in the St. Dennis trial.

¶18    The State contends that Montoya's counsel was not ineffective in his representation and reiterates the points stated by the District Court in its denial of Montoya's petition for post-conviction relief.  The State concludes that it does not follow that Montoya's counsel was ineffective just because he was unsuccessful in his best attempt to prove that § 46-18-222(4), MCA, applied to Montoya's situation.

¶19    When evaluating a defendant's claim of ineffective assistance of counsel, this Court applies the two-part test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Hagen*, 2002 MT 190, ¶ 17, 311 Mont. 117, ¶ 17, 53 P.3d 885, ¶ 17.  The first part of the *Strickland* test requires that the defendant prove that "his counsel's performance was deficient, which entails 'showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Hagen*, ¶ 17 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). We will determine whether the defendant's performance was deficient by applying the "reasonably effective assistance" test, where we consider whether the defendant's counsel performed "within the range of competence demanded of attorneys in criminal cases." *Hagen*, ¶ 17 (citing *State v. Leavens* (1986), 222 Mont. 473, 475, 723 P.2d 236, 237).  "The defendant must overcome a strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions." *State v. Harris*, 2001 MT 231, ¶ 18, 306 Mont. 525, ¶ 18, 36 P.3d 372, ¶ 18 (citing *Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2064-65).  If the defendant fails to prove this element of the *Strickland* test, the defendant's claim of ineffective assistance counsel cannot succeed.

*Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Hagen*, ¶ 19. In that event, we need not address the second part of the *Strickland* test, which addresses whether counsel's alleged errors prejudiced the defendant. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *see also Hagen*, ¶ 18.

¶20 To satisfy the first part of the *Strickland* test, Montoya suggests that his counsel's failure to object to the State's presentation of his testimony in the St. Dennis trial was deficient because it violated the terms of his limited immunity agreement and his right to be free from self-incrimination guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution, and Art. II, Section 25, of the Montana Constitution.

¶21 We have previously stated:

> When a tactical or strategic reason for defense counsel's alleged deficient performance is apparent in the record on appeal or proffered by counsel in post-conviction proceedings, the court must evaluate whether this reason is "reasonable" before indulging the strong presumption demanded by *Strickland* that a tactical or strategic act falls within the wide range of reasonable and sound professional assistance. When a challenged act or omission reflects an unreasonable defense strategy, stems from neglect or ignorance, or results from a misunderstanding of the law, counsel's deficient performance meets the first prong of the *Strickland* test.

*Harris*, ¶ 22 (citations omitted).

¶22 At the time of the omission complained of by Montoya, the parties were arguing two issues before the District Court: (1), whether Montoya was a "persistent felony offender," as defined in § 46-18-501, MCA; and (2), whether Montoya qualified for an exception to the mandatory sentence for persistent felony offenders pursuant to § 46-18-222, MCA. This Court previously determined that Montoya was a "persistent felony offender," *see Montoya*,

9

¶ 27, and Montoya's petition does not allege that that issue was ineffectively argued at the sentencing hearing. He alleges that his counsel was ineffective by the manner in which he chose to prove that Montoya qualified for an exception to the mandatory sentences given to persistent felony offenders.

¶23 Section 46-18-222(4), MCA, provides that mandatory minimum sentences for persistent felony offenders do not apply where "the offender was an accomplice, the conduct constituting the offense was principally the conduct of another, and the offender's participation was relatively minor . . . ." Exceptions to the mandatory sentences, as provided by § 46-18-222, MCA, must be proven by a preponderance of the evidence. Section 46-18-223(3), MCA.

¶24 In this context we conclude that the strategy of Montoya's counsel was not unreasonable. While Montoya's testimony in the St. Dennis trial was inculpatory, it also served the additional purpose of showing that his conduct was "minor" and that the conduct constituting the crime was "principally the conduct of another," as required by § 46-18-222(4), MCA. Montoya's testimony provided details that suggested that St. Dennis was the principal actor in this burglary, such as: (1), that St. Dennis was the lead driver on the way out to the farmhouse; (2), that Montoya was just looking around the house at "garbage" while St. Dennis was putting "items that caught her interest" into boxes; (3), that Montoya moved trunks with Reum's property inside "at Jamie's request;" (4), that Montoya was walking around taking pictures of the property (which corroborated his defense that he was on the

10

property to take photographs for a school photography project); and (5), that Montoya saw St. Dennis take boxes and trunks to her car while he took only a wheel.

¶25 Under these circumstances, we conclude that Montoya's counsel was not ineffective when he failed to object to the use of Montoya's prior testimony. Although unsuccessful, Montoya's counsel's conduct was a reasonable effort to avoid a sentence for being a persistent felony offender. We conclude that the legal representation provided by Montoya's counsel fit within the range of competent legal representation required of defense attorneys.

¶26 Since Montoya has failed to rebut the presumption that he was competently represented, as required in the first part of the *Strickland* test, we need not further consider the second part of the *Strickland* test which considers whether he was prejudiced by his counsel's performance.

¶27 For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART