JUSTICE HARRISON
delivered the Opinion of the Court.
James Coates appeals an order of the Fourth Judicial District, Missoula County, Montana, denying Mr. Coates’ petition for post-conviction relief. We affirm.
Appellant raises three issues for review:
1. Was appellant denied an evidentiary hearing on his petition for post-conviction relief?
*333 2. Was the hearing the appellant received a full and fair hearing?
3. Did the District Court err in finding that appellant had not been denied effective assistance of counsel and thus err in denying the petition for post-conviction relief?
Following a jury trial, appellant was convicted of four counts of felony theft on May 1, 1987. At trial, Bernard J. Goldman represented appellant. Mr. Goldman also handled Mr. Coates’ appeal to this Court.
On September 2, 1988, pursuant to sec.46-21-201, MCA, appellant’s new counsel filed a petition for post-conviction relief that alleged appellant was denied effective assistance of counsel at trial. Specifically, appellant cited eight alleged errors committed by Mr. Goldman. The parties filed briefs and the District Court held a hearing on December 12, 1988. During the hearing, appellant presented a witness on his behalf and testified himself. The State called as a witness the deputy county attorney who prosecuted appellant.
At the end of the hearing, the District Judge added to the record his observations regarding Mr. Goldman’s conduct during appellant’s trial. Neither the appellant nor the State objected to the Judge’s comments and both counsel asked the Judge questions. On January 13, 1989, the District Court issued findings of fact and conclusions of law denying appellant’s request for post-conviction relief. The District Court found that Mr. Goldman’s alleged errors were in the main tactical decisions, that another lawyer could not have obtained a better result, and that Mr. Goldman had not ineffectively represented appellant.
I
Appellant contends that the District Court erred in not granting appellant an evidentiary hearing in which to present proof regarding his allegations of ineffective assistance of counsel. Appellant’s argument belies the record. Section 46-21-201, MCA, details the procedure relating to a petition for post-conviction relief and provides in part as follows:
“46-21-201. Proceedings on the petition.
“(1) Unless the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney in the county in which the conviction took place and the attorney gen *334 eral and order them to file a responsive pleading to the petition. Following its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may grant a prompt hearing thereon, determine the issue, and make findings of fact and conclusions with respect thereto.
“(2) The court may receive proof by affidavits, depositions, oral testimony, or other evidence. In its discretion the court may order the petitioner brought before the court for the hearing.”
The District Court granted appellant a hearing as outlined in sec. 46-21-201(1), MCA, and received evidence in the form of oral testimony and exhibits. The statute plainly contemplates that the hearing on a post-conviction petition will be to determine the issues raised in the petition. Nothing in the record supports appellant’s argument that the hearing held was not such an evidentiary hearing. We reject appellant’s argument.
II
Appellant alleges that the District Court failed to give him a proper hearing because it ignored the rules of civil procedure and it made improper comments during the hearing. We disagree.
A petition for post-conviction relief is civil in nature rather than criminal. Coleman v. State (Mont. 1981), [_Mont._,] 633 P.2d 624, 627, 38 St.Rep. 1352, 1354. However, “district courts are not strictly bound by all the rules of civil procedure” in post-conviction relief hearings. State v. Perry (Mont. 1988), [232 Mont. 455,] 758 P.2d 268, 276, 45 St. Rep. 1192, 1201. As appellant neither cites any specific rules that the District Court violated nor cites any authority in support of his argument, we reject his contention. We hold that the District Court followed the procedures established by sec. 46-21-201, MCA.
Additionally, appellant argues that he did not receive a fair hearing because the District Judge made prejudicial remarks at the end of the hearing that indicated bias on the part of the Judge. The Judge’s comments related to his observations of Mr. Goldman’s conduct of appellant’s trial. The critical inquiry is whether the Judge’s remarks deprived appellant of a full and fair hearing. Perry, 758 P.2d at 275. We do not find that his remarks reflect bias and prevented appellant from receiving a full and fair hearing.
Appellant frames his bias argument in generalizations. His argument appears to be that because the Judge articulated his obser *335 vations regarding Mr. Goldman’s trial conduct that the Judge was biased. In other words that the Judge’s remarks indicate his unwillingness or inability to impartially consider appellant’s evidence that Mr. Goldman ineffectively represented him. However, the mere fact that the Judge articulated his observations does not, without more, constitute bias and appellant has not buttressed his argument with anything specific.
Petitions for post-conviction relief are directed to either this Court or to the presiding district court judge. The statute specifies the presiding district judge precisely because that judge is familiar with the underlying criminal case. By directing the post-conviction relief petition to the presiding district judge, the judge who is most familiar with the conduct of the trial has the opportunity to correct any errors that occurred during the tried. See Coleman, 633 P.2d at 626-628. The fact that a judge is familiar with how counsel conducted a trial does not equal bias and in post-conviction relief hearings familiarity is considered a benefit. In particular, the presiding judge will have observed an attorney’s handling of a trial in regard to general behavior, thoroughness of preparation, and effectiveness of case presentation.
In the instant case, the Judge’s remarks did not reflect any unwillingness to consider appellant’s evidence regarding ineffective assistance of counsel. These remarks came at the end of the hearing after all evidence had been presented. The appellant does not allege that the Judge made any improper remarks as the parties presented their case nor does appellant allege that the judge improperly excluded any evidence appellant offered. As well, appellant does not argue that the remarks indicated personal bias toward either Mr. Goldman or appellant. Additionally, the Judge’s observations mirrored the testimony of the prosecuting attorney at appellant’s trial.
In contrast to the case at bar stands State v. Musgrove (1980), 187 Mont. 549, 610 P.2d 710, where we found that the trial judge’s comments indicated bias, or an unwillingness to consider evidence. In Musgrove, the defendant had failed to appear at trial on the day of closing arguments. The trial court ordered the insurance company’s $50,000 bond forfeited. Shortly thereafter the defendant returned voluntarily and was convicted and sentenced.
The insurance company moved the trial court for an order discharging the bond forfeiture on the grounds that the defendant’s mental condition excused his failure to appear at trial. Although the trial court, after a hearing, did discharge $25,000 of the bond forfei *336 ture, the insurance company appealed alleging in part that the trial judge had improperly excluded evidence of the defendant’s mental condition. We found that the trial judge had improperly excluded evidence of the defendant’s mental condition as well as improperly commented on the defendant’s state of mind with the following remarks:
“THE COURT: Well, Mr. Delaney, there isn’t any doubt in my mind as the judge who presided on the trial that at that particular time Mr. Musgrove knew the jury was going to find him guilty because the testimony was so obvious in that direction and the Instructions settled by the Court was [sic] so obvious in that direction. I know that he knew this was going to happen and I know that because of that he failed to show up the next day. There is no doubt in my mind that he was upset. I think I would have been.”
Musgrove, 610 P.2d at 712. We found that those statements indicated “bias which resulted in effectively denying the insurance company an opportunity to establish its case of excuse in order to exonerate the bond forfeiture.” Musgrove, 610 P.2d at 712. We also noted that the trial judge’s findings did not address the insurance company’s contentions and evidence regarding excuse. Musgrove, 610 P.2d at 713.
As mentioned above, we do not discern a similar bias or unwillingness to consider appellant’s evidence in the instant case. The District Judge scheduled a hearing which he is not required to do if he finds the petition meritless. Section 46-21-201(1), MCA. Each party thoroughly briefed the issues, and each party presented evidence at the hearing. The Judge stated that he had considered all the testimony, evidence and briefs in making his decision and he wrote detailed findings of fact and conclusions of law that directly dealt with appellant’s contentions. Moreover, we cannot say that the Judge’s decision is not supported by substantial evidence. We hold that the Judge’s remarks did not reflect bias and did not deprive appellant of a full and fair hearing.
Ill
The standard of review for denial of post-conviction relief is whether substantial evidence supports the findings and conclusions of the district court. Yother v. State (1979), 182 Mont. 351, 355, 597 P.2d 79, 82. Appellant argues that the District Court erred in failing to find that Mr. Goldman was an ineffective counsel. We disagree.
*337 In evaluating ineffective assistance of counsel claims, this Court utilizes a two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, counsel’s performance must be deficient. To assess deficient performance, this Court employs the “ ‘reasonably effective assistance’ test of whether a defendant’s counsel acted within the range of competence demanded of attorneys in criminal cases. (Citation omitted.)” State v. Elliott (1986), 221 Mont. 174, 178, 717 P.2d 572, 575. Second, counsel’s deficient performance must have so prejudiced the defendant as to deprive the defendant of a fair trial. State v. Leavens (1986), 222 Mont. 473, 475, 723 P.2d 236, 237. The standard for evaluating prejudice is whether a reasonable probability exists that but for counsel’s deficient performance, the trial’s outcome would have been different. Leavens, 723 P.2d at 237. However, in evaluating a defense counsel’s performance, this Court will not second guess trial tactics and strategy. State v. LaValley (1983), 203 Mont. 393, 397, 661 P.2d 869, 872.
In his petition for post-conviction relief, appellant alleged the following eight specific errors by Mr. Goldman:
1. Failure to object to the use of statements made by defendant prior to reading defendant his Miranda warnings.
2. Opening the door to testimony of a prior conviction.
3. Failure to suppress evidence seized from the back of defendant’s vehicle by challenging probable cause of the search warrant.
4. Failure to obtain witnesses necessary for his defense.
5. Improper preparation for trial.
6. Failure to properly question witnesses.
7. Failure to appeal certain issues.
8. Mr. Goldman’s drug abuse adversely affecting his ability to represent the defendant.
As mentioned, all of these issues were thoroughly briefed by both parties prior to the hearing.
Regarding allegations 1, 2, 3, and 7, the District Court’s findings indicate that it found Mr. Goldman’s decisions on these issues to be tactical. The District Court found and upon review we concur, that defendant likely would not have prevailed in trying to exclude the defendant’s statements or in suppressing the evidence seized, either at the pretrial proceeding or on appeal. The District Court noted that Mr. Goldman’s primary concern related to the identity of the informer and that he pressed that issue with vigor during pretrial proceedings and on appeal.
*338 As well, the District Court concluded that it was trial tactics that led Mr. Goldman to ask appellant on direct examination whether he had to have a background check to have a business license. On cross-examination, because the defense had “opened the door,” the prosecuting attorney was able to elicit from appellant the fact of his prior theft conviction. However, as the prosecuting attorney testified, had she not caught Mr. Goldman’s brief reference to appellant’s background and followed up, Mr. Goldman would have had an excellent foundation for a closing argument. The evidence supports the conclusion that Mr. Goldman’s decisions on allegations 1, 2, 3, and 7 were trial tactics and we will not second guess trial tactics.
As to allegation number 4, failure to obtain two necessary witnesses, appellant does not demonstrate exactly how the absence of these witnesses prejudiced him. The record discloses that the County subpoenaed the two witnesses to no avail. Mr. Goldman apparently knew that these witnesses could not be located so any attempt on his part to subpoena them would have been futile. Further, appellant’s argument does not specify exactly what testimony these witnesses would have given that would have assisted the defense. Without a showing of prejudice, appellant’s argument fails. State v. Henricks (1983), 206 Mont. 469, 475-476, 672 P.2d 20, 24.
Regarding allegations 5 and 6, the record contains substantial evidence that, on the whole, Mr. Goldman was prepared for trial and properly questioned witnesses. The prosecuting attorney testified that Mr. Goldman aggressively questioned witnesses and effectively brought out the defects in the State’s case. She testified that his questions reflected his familiarity with the facts of the case and that his questioning elicited the information that he needed to establish the defense. Although appellant argues that Mr. Goldman should have asked certain questions, appellant again fails to establish exactly how those questions would have materially assisted his defense.
Finally, as to allegation 8, the record discloses no specific evidence that Mr. Goldman’s cocaine abuse, which has become public knowledge, rendered his conduct of appellant’s trial incompetent. Most of appellant’s argument on this issue relates back to the alleged errors already discussed. If those allegations had been found to reflect ineffective assistance of counsel, then one might infer that cocaine abuse may have been a contributing factor. However, absent any specific errors or conduct identified in the trial that affected the *339 trial’s outcome, Mr. Goldman’s cocaine abuse is irrelevant to the issue of ineffective assistance of counsel.
In summary, substantial evidence in the record supports the District Court’s conclusion that another lawyer would not have obtained a more favorable result for appellant considering the amount of evidence the State presented against appellant. Appellant has failed to establish that Mr. Goldman’s performance was deficient or that any of his alleged errors prejudiced the outcome of the trial.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HUNT, McDON-OUGH, WEBER and BARZ concur.