NO. 94-120

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Respondent and Respondent,

-v-

LAWRENCE R. SHEPPARD,

    Petitioner and Appellant.

FILED

FEB 23 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    William Boggs, Missoula, Montana

    For Respondent:

    Hon. Joseph P. Mazurek, Attorney General, Jennifer
Anders, Assistant Attorney General, Helena, Montana;
Robert L. Deschamps, III, Missoula County Attorney,
Betty Wing, Deputy County Attorney, Missoula,
Montana

Submitted on Briefs:  December 1, 1994

Decided:  February 23, 1995

Filed:

*Clerk*

Justice James C. Nelson delivered the Opinion of the Court.

After an evidentiary hearing, the District Court for the Fourth Judicial District, Missoula County, denied Lawrence Sheppard's petition for post-conviction relief alleging ineffective assistance of counsel. We affirm.

The sole issue on appeal is whether the District Court erred in denying Sheppard's petition for post-conviction relief.

BACKGROUND

This case was previously before this Court in State v. Sheppard (1992), 253 Mont. 118, 832 P.2d 370 (Sheppard I), wherein Sheppard appealed his conviction of sexual intercourse without consent, a felony in violation of § 45-5-503, MCA (1989). The underlying facts giving rise to his conviction are set out fully in Sheppard I, and will not be repeated here.

In his appeal, Sheppard argued that the trial court should have instructed the jury, sua sponte, on the lesser-included offense of misdemeanor sexual assault, and that the court's failure to give the lesser-included offense instruction resulted in a denial of his right to a fair trial. We disagreed and affirmed Sheppard's conviction, holding that the trial court had no duty to instruct on a lesser-included offense in the absence of a request for such an instruction. Our basis for that decision is that counsel must be allowed to determine his or her own trial strategy, and that to require the court to instruct, sua sponte, on the lesser-included offense might impinge on the advocate's role. Sheppard, 832 P.2d at 373.

2

On October 5, 1992, Sheppard filed a petition for post-conviction relief alleging ineffective assistance of counsel, based upon his counsel's failure to offer a lesser-included offense instruction of misdemeanor sexual assault at the time instructions were settled. Upon Sheppard's request, the District Court held an evidentiary hearing to determine whether counsel's failure to offer a lesser-included instruction, whether by inadvertence or as a tactical decision constituted ineffective assistance of counsel.

Both Sheppard and his trial counsel testified at the hearing. Sheppard testified that he did commit a crime, but that he was not guilty of sexual intercourse without consent because the victim originally consented to the act and, upon her resistance, Sheppard desisted from his conduct. Sheppard stated he thought he was guilty of "solicitation to prostitution" or a "lewd and lascivious act," believing these were synonymous with misdemeanor sexual assault. Sheppard also testified that his counsel never informed him of the possibility of giving a lesser-included offense instruction.

Counsel testified, that prior to trial, the State offered Sheppard a plea bargain for felony sexual assault. Sheppard and his attorney discussed the elements of both misdemeanor and felony sexual assault. Counsel explained that felony sexual assault required proof of the additional element of bodily injury. Counsel informed Sheppard that the potential penalty for felony sexual assault was imprisonment for twenty years and that he believed Sheppard could be found guilty of the felony because the victim was

3

prepared to testify that she experienced pain during the incident. Sheppard rejected the plea bargain.

Counsel testified that he also explained how both misdemeanor and felony sexual assault differed from the crime of sexual intercourse without consent, the latter requiring a showing of penetration. Sheppard adamantly denied the victim did not consent, denied that penetration occurred, and insisted he was innocent of the crime charged. Counsel stated that he believed the State's case was weak regarding the element of penetration, and he believed he could attack the victim's credibility. In addition, the State had mentioned it was considering filing an amended information charging sexual intercourse without consent or in the alternative felony sexual assault as a means of increasing a chance of conviction. Given these circumstances, and the potential that the jury might find Sheppard guilty of felony sexual assault, the decision was made to proceed to trial and attempt to gain an acquittal on the sexual intercourse without consent charge.

Counsel testified that the trial strategy was to attempt to gain an acquittal by demonstrating consent and lack of penetration, and that they did not vary from the strategy throughout the trial. Counsel also stated that while he believed he had put on a strong case by attacking the victim's credibility, Sheppard's own testimony was damaging to his case. When asked if he had considered offering misdemeanor sexual assault as a lesser-included offense at the end of trial, counsel testified he did not consider offering a lesser-included offense instruction, because the defense

4

strategy had already been established, and they continued with this strategy. Counsel stated he did not offer the misdemeanor sexual assault instruction even after the State had lost its **ability** to charge felony sexual assault, by failing to file an amended information.

Upon considering the testimony and the parties' briefs, the District Court issued an opinion and order on October 20, 1993, denying Sheppard's petition. The court concluded that counsel's decision to forgo a lesser-included offense instruction was a tactical decision based upon all of the facts available to him and Sheppard's strident proclamations of innocence. Sheppard appeals from this order.

DISCUSSION

First, we discuss a preliminary matter which was not addressed by either party, i.e., whether sexual assault is in fact a lesser-included offense of sexual intercourse without consent. This Court has decided three prior cases in which it was assumed, without the issue being actually raised or decided, that sexual assault is a lesser-included offense of sexual intercourse without consent. State v. Ogle (1992), 255 Mont. 246, 841 P.2d 1133; State v. Lundblade (1986), 221Mont. 185, 717 P.2d 575, Sheppard I, 832 P.2d 370.

In Ogle, the defendant alleged the trial court erred by offering the State's instructions defining sexual assault as a lesser-included offense of sexual intercourse without consent. However, we declined to discuss the precise issue of whether sexual

5

assault is a lesser-included offense of sexual intercourse without consent because the defendant failed to properly object to the instruction at the **time** it was offered. Ogle, 841 P.2d at 1136.

In Lundblade, the jury was given an instruction defining sexual assault as a lesser-included offense of sexual intercourse without consent, and neither side objected to the instruction. Lundblade, 717 P.2d at 578. However, the issue on appeal was not whether sexual assault was, in fact, a lesser-included offense of sexual intercourse without consent. Therefore, we did not analyze the relationship of sexual assault to sexual intercourse without consent under the established test from Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, in order to determine "whether each [statutory] provision requires proof of an additional fact which the other does not . ." State v. Madera (1983), 206 Mont. 140, 151, 670 P.2d 552, 557-58, citing Blockburaer, 284 U.S. at 304, 52 S.Ct. at 180, 76 L.Ed. at 309. Rather, we concluded that the record contained sufficient evidence to establish the crime of sexual assault, and proceeded on the basis of the parties' and the district court's assumption that sexual assault was a lesser-included offense of sexual intercourse without consent. Lundblade, 717 P.2d at 578. We note here, in passing, that the dissent in Lundblade concluded that sexual assault is not a lesser-included offense of sexual intercourse without consent. Lundblade, 717 P.2d at 579.

Similarly, in Sheppard I, the parties did not raise the specific question of whether sexual assault is, in fact, a lesser-

included offense of sexual intercourse without consent. We simply addressed the issue of whether the trial court was required to provide, sua sponte, a lesser-included offense instruction. Sheppard I, 832 P.2d at 372. Our decision in Sheppard I, therefore, was directed to that issue and not to whether sexual assault is a lesser-included offense of sexual intercourse without consent.

In the instant case, we will, again, proceed on the assumption that sexual assault is a lesser-included offense of sexual intercourse without consent because that precise issue was not properly preserved for appeal or raised in Sheppard I. Having not been raised on appeal, that issue is now barred from consideration in this post-conviction relief proceeding. Section 46-21-105(2), MCA.

Moreover, if sexual assault is not a lesser-included offense of sexual intercourse without consent, that would not help Sheppard in his instant petition in any event, as his counsel could hardly be found ineffective for failing to offer an instruction for an offense that was not a lesser-included offense of the greater crime with which he was charged and convicted. We emphasize, however, that the precise issue of whether sexual assault is a lesser-included offense of sexual intercourse without consent under Blockburger, under our prior case law defining lesser-included offenses, and under § 46-11-410, MCA, remains to be decided in some future case, and we do not resolve that question here.

The standard of review for a denial of a petition for post-

7

conviction relief is whether, substantial evidence supports the findings and conclusions of the district court. State v. Barrack (1994), 882 P.2d 1028, 1031, 51 St.Rep. 983, 985.

This court reviews claims of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Robbins (1985), 218 Mont. 107, 114, 708 P.2d 227, 232; State v. Mahoney (1994), 870 P.2d 65, 72-73, 51 St.Rep. 160, 164. According to the two-prong Strickland test, the defendant must first show that counsel's performance was deficient, by demonstrating that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires the defendant to show that counsel's deficient performance so prejudiced the defendant that he was deprived his right to a fair trial. Mahonev, 870 P.2d at 72-73. "The standard for evaluating prejudice is whether a reasonable probability exists that but for counsel's deficient performance, the trial's outcome would have been different." State v. Coates (1990), 241 Mont. 331, 337, 786 P.2d 1182, 1185. This Court will not, however, second guess trial tactics and strategy when evaluating a defense counsel's performance. Coates, 786 P.2d at 1185.

Sheppard claims that his trial counsel's failure to ask for a lesser-included offense instruction of misdemeanor sexual assault constituted ineffective assistance of counsel. Sheppard contends that while his counsel may have made a decision as tactical

8

strategy not to request such an instruction at the beginning of the case, he should have reconsidered his decision at the conclusion of the case, after the State gave up its opportunity to file felony sexual assault charges and following the defendant's own damaging testimony.

While it is correct that counsel did not consider offering a lesser-included offense instruction after the close of evidence, counsel's testimony indicated that he believed he had put on a strong defense and decided to continue with the established strategy of attempting to gain an acquittal. Counsel testified:

> We had our strategy mapped out and planned, and we did not vary from it according to the evidence of the trial, because I think we both felt, even given his damaging testimony, that we were still doing okay, because we had attacked her credibility reasonably well.

Although this decision, in hindsight, appears to have been questionable, we will not second guess counsel's tactical decisions. State v. Jungers (1990), 245 Mont. 519, 523-24, 802 P.2d 615, 618.

Our decision in Sheppard I, supports our conclusion here, as we have already concluded that:

> [U]nder our adversarial system of justice, the prosecution and defense must have the option of foregoing a lesser charge instruction for strategic reasons. Lawyers, not judges, should try cases. Although the record does not enlighten us, both prosecution and defense counsel may have made a decision to force the jury to either convict or acquit of the offense charged without being given the opportunity to take the middle ground and convict on misdemeanor sexual assault.

Sheppard I, 832 P.2d 373.

As stated earlier, counsel's testimony at the post-conviction

9

**relief hearing demonstrates that counsel and his client made a** decision to force the jury to either convict or acquit. Counsel continued with this strategy after the close of the evidence based on the lack of evidence of penetration and the conflicting evidence concerning consent. Given these circumstances, we conclude that it was not improper for counsel to continue with his original strategy.

Sheppard also maintains that if counsel's decision not to offer the lesser-included offense instruction was a tactical decision, it was unreasonable. He argues that "tactical decisions which are ill-considered, uninformed, or made neglectfully or ignorantly, may constitute ineffective assistance, if they substantially prejudice the defendant." Accordingly, Sheppard concludes that counsel's tactical choices must be minimally reasonable, and he provides a set of proposed guidelines for this Court to follow to determine if counsel's decision was minimally reasonable.

We decline to review or adopt these guidelines for the same reasons as did the United States Supreme Court in <u>Strickland.</u> That Court warned:

> The availability of intrusive post-trial inquiry into attorney performance or detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense. Counsel's performance and even willingness to serve could be adversely affected. Intensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the independence of defense counsel, discourage the

10

acceptance of assigned cases, and undermine the trust between attorney and client.

Strickland, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

Finally, Sheppard argues that the District Court erred in concluding that offering the lesser-included offense instruction of misdemeanor sexual assault would have been problematic for defense counsel. Defense counsel argued, and the District Court agreed, that it would have been difficult for counsel to maintain the victim's consent as part of Sheppard's defense and then offer misdemeanor sexual assault as a lesser-included offense instruction when an element of that crime is lack of consent.

Sheppard claims this conclusion is in error on two grounds. First, he argues that while the jury may not have concluded that the victim consented, the defense had presented strong evidence regarding lack of penetration. Therefore, according to Sheppard, counsel should have offered a misdemeanor sexual assault instruction and vigorously argued that there was no penetration.

However, this argument does not support an ineffective assistance of counsel claim. Counsel testified at the evidentiary hearing that a misdemeanor sexual assault instruction would have weakened his strategy of attempting to gain an acquittal. This Court has previously held that when defense counsel makes a tactical decision to forgo an instruction that is inconsistent with the defense, we will not find error supporting an ineffective assistance of counsel claim. State v. Johnson (1993), 257 Mont. 157, 163, 848 P.2d 496, 499.

Second, Sheppard argues that counsel was mistaken in

11

concluding that the two defenses were inconsistent.  He maintains that the "without consent" element of sexual assault and sexual intercourse without consent involve two different standards concerning lack of consent.  According to § 45-5-501(1), MCA (1989), and § 45-5-403, MCA (1989), the term "without consent" for the crime of sexual intercourse without consent, requires submission to sexual intercourse induced by "force or by threat of imminent death, bodily injury, or kidnapping to be inflicted on anyone."  Section 45-5-510(1), MCA (1989).  Under the sexual assault statute, without consent does not include this element. Section 45-5-502, MCA (1989).

Therefore, according to Sheppard, because the consent element in the crime of sexual intercourse without consent requires the additional showing of force or threat of force, it would have been consistent to argue that while the victim did not consent, she did not submit as a result of force or threat of force.  Sheppard argues that the victim's own testimony established that the level of consent "absolutely precluded a conviction of a felony, but did not <u>necessarily</u> preclude a conviction of misdemeanor sexual assault."  (Emphasis in original.)  Sheppard concludes that the jury should have been advised of the two different standards and offered the misdemeanor sexual assault instruction.

We conclude, however, that Sheppard is merely providing an example of how he would have tried the case.  Furthermore, his argument actually supports trial counsel's all or nothing strategy, because according to Sheppard, the **victim's** testimony "absolutely

12

precluded conviction of a felony," i.e., sexual intercourse without consent.

Upon review, we conclude that substantial evidence supports the District Court's conclusion that counsel's decision to forgo offering the lesser-included offense instruction was a reasonable tactical decision. That Sheppard would now, with the benefit of hindsight, adopt a different trial strategy, does not render his first defense ineffective. Accordingly, we hold that the District Court properly denied Sheppard's petition for post-conviction relief.

AFFIRMED.

_____
                                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

13

February 23, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


William Boggs
Attorney at Law
P.O. Box 7881
Missoula, MT 59807

HON. JOSEPH P. MAZUREK, Attorney General
    , Assistant
Justice Bldg.
Helena, MT 59620

Robert L. Deschamps, III, County Attorney
Betty Wing, Deputy
Missoula County Courthouse
Missoula. MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy