No. 98-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 53N

DAVID WAYNE GUNDERSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Broadwater

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David Wayne Gunderson, Florence, Arizona, Pro Se

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,

John Paulson, Ass't Attorney General, Helena, Montana

John T. Flynn, Broadwater County Attorney, Townsend, Montana

Submitted on Briefs: February 4, 1999

Decided: March 18, 1999

Filed:

_____

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. David Wayne Gunderson (Gunderson) was convicted of one count of sexual intercourse without consent in the First Judicial District Court, Broadwater County, and was sentenced to a term of imprisonment in the Montana State Prison. Gunderson's conviction was affirmed on direct appeal by the Montana Supreme Court in State v. Gunderson (1997), 282 Mont. 183, 936 P.2d 804. The underlying facts giving rise to his conviction are set out fully in the above-cited opinion, and will not be repeated here.**

**¶3. Gunderson filed a petition for post-conviction relief that the District Court denied. Gunderson appeals from that denial.**

**¶4. In his direct appeal, Gunderson argued that the District Court erred in not instructing the jury, *sua sponte*, that sexual assault was a lesser-included offense of sexual intercourse without consent. In addressing this contention, this Court noted that Gunderson's counsel made a calculated decision to decline such an instruction when the District Court offered it, stating "at this point it is a conscious decision to not ask for an instruction on the lesser-included [offense.]" *Gunderson*, 282 Mont. at 187, 936 P.2d at 806.**

**¶5. Gunderson now argues that his counsel was ineffective for failing to request such an instruction when given the opportunity by the District Court. However, as the District Court noted in its decision, we have previously resolved this very issue**

**adversely to Gunderson's position in State v. Sheppard (1995), 270 Mont. 122, 890 P.2d 754 (*Sheppard II*). Sheppard, like Gunderson, was charged with sexual intercourse without consent. His counsel also chose not to request an instruction on misdemeanor sexual assault. In his direct appeal to this Court, Sheppard argued that the trial court should have, *sua sponte*, given an instruction on a lesser-included offense even if not so requested by defense counsel. We rejected this minority position, stating,**

We conclude that under our adversarial system of justice, the prosecution and defense must have the option of foregoing a lesser charge instruction for strategic reasons. Lawyers, not judges, should try cases. Although the record does not enlighten us, both prosecution and defense counsel may have made a decision to force the jury to either convict or acquit of the offense charged without being given the opportunity to take the middle ground and convict of the lesser charge of misdemeanor sexual assault.

State v. Sheppard (1992), 253 Mont. 118, 124, 832 P.2d 370, 373 (*Sheppard I*).

**¶6. Sheppard then sought post-conviction relief arguing that his counsel was ineffective for not offering an instruction on the lesser-included offense of misdemeanor assault. The petition was denied by the district court and, like Gunderson, Sheppard appealed to this Court. Noting that this Court will not second-guess trial tactics and strategy when evaluating a defense counsel's performance, *see* State v. Coates (1990), 241 Mont. 331, 337, 786 P.2d 1182, 1185, we held that counsel's decision not to request the instruction was strategic and did not constitute ineffective counsel. *Sheppard II*, 270 Mont. at 128-29, 890 P.2d at 754.**

**¶7. Gunderson, like Sheppard before him, sought post-conviction relief and argued that his counsel was ineffective for not requesting such an instruction. The District Court correctly relied upon *Sheppard II* in rejecting this claim. Gunderson's trial counsel declined the lesser-included offense instruction in a calculated move to force the jury into either convicting or acquitting on the charged offense and to deny the jury the opportunity to take the middle ground and convict of a lesser offense.**

**¶8. While Gunderson has presented an affidavit from another attorney who testified that he would have used a different trial strategy than that used by Gunderson's counsel, that testimony does not render trial counsel's representation ineffective. In**

the seminal case establishing guidelines for evaluating claims of ineffective assistance of counsel, Strickland v. Washington (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 695, the United States Supreme Court recognized that there are countless ways to provide effective assistance of counsel in a given case and that even the best criminal defense lawyers would not defend a client in the same manner. Gunderson's bare contention that another attorney would have handled the defense differently is insufficient to support a finding of ineffectiveness. For the reasons set forth in *Sheppard II*, we hold that the District Court correctly denied the petition for post-conviction relief on the basis of ineffective assistance of counsel.

¶9. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER