No. 99-439

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 332N

IN RE THE MARRIAGE OF

ALBERT THOMAS FRENCH,

Petitioner and Respondent,

and

CHERI LYNN FRENCH,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Debora J. Bishop, Bishop & Bishop; Billings, Montana

For Respondent:

Albert Thomas French, Pro Se; Billings, Montana

Submitted on Briefs: October 28, 1999

Decided: December 28, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶ The Respondent Cheri Lynn French, brought a motion for contempt and judgment in the District Court for the Thirteenth Judicial District in Yellowstone County. She sought to compel the Petitioner Albert Thomas French, to pay his delinquent child support obligations. The District Court denied the motion. Respondent appeals from the District Court's denial of her motion and judgment. We affirm the District Court.

¶ The Respondent raises the following issues on appeal:

¶ 1. Did the District Court abuse its discretion when it failed to hold Albert in contempt?

¶ 2. Did the District Court exhibit bias and prejudice in favor of Albert and against Cheri?

¶ 3. Did the District Court abuse its discretion when it failed to permit Cheri to cross-examine the Petitioner?

¶ 4. Did the District Court's actions violate Cheri's rights under the confrontation clause of the United States and Montana Constitutions?

¶ 5. Did the District Court abuse its discretion when it failed to permit Albert to be recalled as a rebuttal witness?

¶ 6. Was Cheri denied a fair trial based on cumulative error?

## FACTUAL BACKGROUND

¶ On January 23, 1992, Albert Thomas French, filed a petition for dissolution. A decree of dissolution of marriage was entered on February 26, 1992. The decree of dissolution required Albert to pay the sum of $300 per month for child support. In October 1997, the Respondent Cheri Lynn French, filed a motion for modification of the decree of dissolution and for payment of delinquent support. On March 31, 1998, the District Court ordered a modification of the decree of dissolution. The modification required Albert to pay the sum of $600 per month for child support and ordered him to make $150 additional monthly payments until past due child support in the amount of $3900 was paid in full.

¶ On May 8, 1998, Cheri filed a motion for contempt and for judgment, in which she requested that the District Court find Albert in contempt for failing to make his February, March, and April 1998 child support payments. Albert responded by writing a letter to the District Court which explained he had been unable to make payments because he had been unemployed for 36 days. He promised that he would resume his $750 monthly payments as soon as he received his first paycheck from his new employer. On June 26, 1998, the District Court denied Cheri's motion for contempt and judgment.

¶ On April 12, 1999, Cheri filed another motion for contempt and judgment, in which she requested that the District Court find Albert in contempt for failing to make his December 1998 and January, February, March, and April 1999 child support payments. On May 22, 1999, Albert paid Cheri $2250 for past due child support. On May 26, 1999, the District

Court held a hearing to consider Cheri's motion for contempt and judgment. At the hearing, Albert testified that he was unemployed for a period of time and had begun a new job and that due to these events he was unable to keep current with his child support obligation. Albert also testified that he paid Cheri $2250 four days earlier. Additionally, Albert testified that he would complete payment of all his past due payments by August 1999. Based on Albert's testimony, the District Court denied Cheri's motion for contempt and judgment.

## DISCUSSION

## ISSUE 1

¶ Did the District Court abuse its discretion when it did not hold Albert in contempt?

¶ Although it is well established that we make an exception to review a district court's contempt decision in a family law matter, the majority of our prior cases have addressed review of a court's order to find a party in contempt. *See In re Marriage of Baer,* 1998 MT 29, ¶ 44, 287 Mont. 322, ¶ 44, 954 P.2d 1125, ¶ 44. In that context our scope of review is to consider whether the record supported the district court's findings. *See In re Marriage of Baer,* ¶ 44. However, in a case like this, where we are being asked to review a district court's refusal to find a party in contempt, we recognize that a different standard of review is appropriate. *See In re Marriage of Baer,* ¶ 44.

¶ A district court has the responsibility to enforce its own orders. *See In re Marriage of Boyer* (1995), 274 Mont. 282, 289, 908 P.2d 665, 669. Contempt of court is a discretionary tool of the court for enforcing compliance with its decisions. *See In re Marriage of Jacobson* (1987), 228 Mont. 458, 464, 743 P.2d 1025, 1028. The power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court. *See In re Marriage of Baer,* ¶ 45. Accordingly, as we stated in *In re Marriage of Baer,* "where a district court has found that there is no such need to enforce compliance with its order or that the actions of a party do not present a challenge to its dignity and authority, we will not reverse its decision absent a blatant abuse of discretion." *In re Marriage of Baer,* ¶ 45.

¶ Cheri contends that there was substantial evidence from which the District Court could conclude that Albert was in contempt. She asserts that because he did not testify that he had been unemployed at any time since his previous 36 days of unemployment, there was

no testimony that he could not make his payments for December 1998 through April 1999. Additionally, Cheri contends that Albert's $2250 payment four days prior to the hearing was in bad faith, and established that he had enough money to make his payments all along.

¶ The District Court found that Albert had not done anything that justified finding him in contempt. To the contrary, the District Court concluded that "Petitioner has done his best to catch up on his payments and meet his obligations." Based on our review of the record, we conclude that the District Court's decision to not hold Albert in contempt was not a blatant abuse of discretion.

## ISSUE 2

¶ Did the District Court exhibit bias and prejudice in favor of Albert and against Cheri?

¶ Cheri contends that the District Court's questions of Albert at the hearing, demonstrated bias in his favor. Cheri points to the following exchange between the District Court and Albert:

> Q. (By the Court) Do you understand the motion that's before the Court this morning?
>
> A. (By the Petitioner) Yes, I do.
>
> Q. Do you have any reason to tell me why I shouldn't find you in contempt, award attorney fees and issue a judgment in this case?
>
> A. All the records show I'm two months behind, $1,500, and I had a conversation with Cheri, told her it would be August before I could get caught up.
>
> Q. And that you did make a good faith effort to pay–what; $2,250?
>
> A. Yes, ma'am.
>
> Q. And how did you come up with that money?

A. I started a new business. I was off work for 36 days. I was like 90 days without a paycheck. It's just now starting to come around.

Q. And do you fully intend to become current on your child support?

I do.

Additionally, Cheri asserts that the District Court exhibited bias when, denying her motion from the bench, the District Court stated: "[i]n light of the petitioner's representation and good faith effort that he's making toward clearing up this matter, I am going to decline to find him in contempt at this time . . . ." Cheri also contends that the District Court exhibited bias when, subsequent to denying her motion from the bench, the District Court told Albert: "keep up the good work, sir."

¶20 The critical inquiry is whether the District Court's remarks deprived Respondent of a full and fair hearing. *State v. Coates* (1990), 241 Mont. 331, 334, 786 P.2d 1182, 1184. We conclude that the District Court's remarks did not deprive the Respondent of a full and fair hearing, and therefore decline to reverse the District Court's order based on bias or prejudice.

## ISSUE 3

¶21 Did the District Court abuse its discretion when it denied Cheri the opportunity to cross-examine Albert?

¶22 Cheri contends that the District Court abused its discretion when it denied her the opportunity to cross-examine Albert. However, Cheri failed to object at the time of the hearing. By failing to do so, she waived her right to raise this issue on appeal. Accordingly, we are precluded from reviewing this alleged error.

¶23 We are precluded from reviewing Cheri's fourth and fifth issues for the same reason.

## ISSUE 6

¶24 Was Cheri denied a fair trial based on cumulative error?

¶25 Cheri asserts that the following cumulative errors made by the District Court denied her right to a fair trial: the District Court limited her to five minutes within which to present testimony in support of her motion; the District Court refused to permit her counsel to testify regarding attorney fees and costs; the District Court refused to permit her to cross-examine Albert; the District Court failed to inquire into the parties' conflicting testimonies and evidence; the District Court refused to permit Cheri to call a rebuttal witness; the District Court refused to permit Cheri to make a closing statement; the District Court refused to read the credible evidence presented by her; and the District Court exhibited bias in favor of the Respondent.

¶26 While Montana recognizes that cumulative error can serve as a basis for reversal, even when individual errors alone would not serve as a sufficient basis for reversal, we conclude for reasons stated previously, and in particular, waiver of any objection to many of the alleged errors, that Cheri is not entitled to reversal for cumulative error.

¶27 We affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART