No. 99-357

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 113N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GARY WILLIAM HUGHES, JR.,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary William Hughes, Jr., (pro se), Shelby, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General, Helena, Montana

Thomas J. Esch, Flathead County Attorney; Edward J. Corrigan, Deputy County Attorney, Kalispell,
Montana

Submitted on Briefs: February 8, 2001
Decided: July 2, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, Gary William Hughes, Jr., was charged with two counts of sexual assault in the District Court for the Eleventh Judicial District in Flathead County. Hughes plead guilty to one count of sexual assault and the District Court sentenced Hughes to the Montana State Prison for 40 years, with 10 years suspended. Hughes then filed a petition for postconviction relief. The District Court denied Hughes' petition. Hughes appeals from the District Court's denial of his petition for postconviction relief. We affirm the order of the District Court.

¶3 The sole issue presented on appeal is whether the District Court erred when it denied Hughes' petition for postconviction relief.

## FACTUAL BACKGROUND

¶4 On August 21, 1996, Hughes was charged in the District Court for the Eleventh Judicial District in Flathead County with two counts of sexual assault, a felony in violation of § 45-5-502, MCA. Hughes agreed to plead guilty to one count of sexual assault in a plea agreement dated September 5, 1996. In exchange for Hughes' guilty plea, the State agreed to dismiss the second count of sexual assault. The plea agreement included an "acknowledgment of rights" section in which Hughes indicated that his attorney fully advised him of the right to plead not guilty and receive a jury trial. Hughes further acknowledged that the guilty plea was entered willingly and without coercion.

¶5 The District Court held a sentencing hearing on January 24, 1997. On January 30, 1997, the District Court sentenced Hughes to Montana State Prison for 40 years with 10

years suspended. Hughes appealed to the Sentence Review Division of the Montana Supreme Court. The Sentence Review Division affirmed Hughes' sentence.

¶6 On September 14, 1998, Hughes filed a petition for postconviction relief in the District Court for the Eleventh Judicial District in Flathead County. In his petition, Hughes, appearing pro se, argued that he received ineffective assistance of counsel, that his guilty plea was not entered voluntarily, that he discovered new evidence which warranted a new sentence, that the sentencing judge was biased, and that the prosecutor committed prosecutorial misconduct. The District Court denied Hughes petition. The District Court concluded that Hughes failed to identify specific acts or omissions by his counsel that adversely impacted his sentence or denied him a fair hearing. The District Court further concluded that Hughes entered his guilty plea voluntarily, as his written plea agreement and testimony indicated, and that Hughes provided no facts or evidence in support of his claim of judicial bias or prosecutorial misconduct. Hughes appeals from the order of the District Court.

## STANDARD OF REVIEW

¶7 The standard of review for a denial of postconviction relief is whether substantial evidence supports the findings and conclusions of the district court. *State v. Sheppard* (1995), 270 Mont. 122, 127, 890 P.2d 754, 757.

## DISCUSSION

¶8 Did the District Court err when it denied Hughes' petition for postconviction relief?

¶9 Hughes makes several arguments on appeal. He restates his ineffective assistance of counsel claim and again argues that his guilty plea was coerced. Hughes also suggests that the sentencing judge should have been disqualified for bias. Finally, in his conclusion Hughes claims that the District Court erred when it denied him an evidentiary hearing and by not amending his sentence to conform to the plea agreement.

¶10 The State contends that the District Court lacked jurisdiction to consider Hughes' petition for postconviction relief because the petition was not filed within one year of the conviction as required by § 46-21-102, MCA. In the alternative, the State argues that Hughes' claims are without merit.

¶11 We now conclude that the District Court did not err when it denied Hughes' petition on the merits. Consequently, we need not address the State's assertion that Hughes' petition is barred by § 46-21-102, MCA (1997). The District Court correctly found that Hughes failed to identify the specific acts or omissions of defense counsel which adversely affected his sentencing or denied him a fair hearing. The District Court also addressed Hughes' claim of coercion when it considered the plea agreement signed by Hughes, which unambiguously established that he plead guilty voluntarily. The District Court also relied on testimony elicited at Hughes' hearing which demonstrated that Hughes plead guilty without having been threatened or promised anything other than what was set forth in his plea agreement. In the absence of specific evidence to the contrary, the District Court did not err by doing so.

¶12 Likewise, Hughes does not identify any facts or evidence to support his vague allegations of judicial bias. Nor does Hughes demonstrate the existence of new evidence which would entitle him to an evidentiary hearing. Consequently, we conclude that the District Court did not err when it denied Hughes' petition for postconviction relief. Accordingly, we affirm the order of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ PATRICIA COTTER